**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiffs, individually and on behalf*
*of all others similarly situated*

| | |
|---|---|
| Ramon De La Cruz and William Garcia, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 23-_____ |
| Plaintiffs, | **COMPLAINT** |
| - vs. – | **COLLECTIVE ACTION** |
| Park Avenue South Management LLC, and Jorge Doe, | |
| Defendants. | |

Plaintiffs Ramon De La Cruz and William Garcia (collectively hereinafter, "Plaintiffs"), by and through their undersigned attorneys, for their complaint against Park Avenue South Management LLC and Jorge Doe, on behalf of themselves and all other persons similarly situated, allege as follows:

**<u>NATURE OF THE ACTION</u>**

1.      Plaintiffs allege, on behalf of themselves and all other similarly situated current and former employees of defendant Park Avenue South Management LCC and Jorge Doe, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA") § 216(b), that they are entitled to (i) unpaid wages from defendants for overtime work for which they did not receive overtime compensation pay as required by law, (ii)

unpaid wages for failure to pay them compensation at least equivalent to applicable prevailing statutory minimum wage and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.      Plaintiffs further complain that they are entitled to: (i) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations; (ii) back wages for the failure to pay compensation at least equivalent to applicable prevailing statutory New York State minimum wage; (iii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iv) liquidated damages pursuant to New York Labor Law for these violations.

## **THE PARTIES**

3.      Mr. Ramon De La Cruz ("Plaintiff De La Cruz" or "Mr. De La Cruz") is an adult individual residing in the Bronx, New York.

4.      Mr. William Garcia ("Plaintiff Garcia") is an adult individual residing in the Bronx, New York.

5.      Defendant Park Avenue South Management LLC ("PASM LLC) is a New York limited liability company with a registered business address at 507 W. 186th Street, Suite #A4, New York, New York, 10033.

6.      Upon information and belief, and at all relevant times herein, Defendant PASM LLC owned and/or operated the building (i) in which Plaintiff De La Cruz worked, located at, 2609 Bainbridge Avenue, Bronx, New York, 10458, a multi-story building with approximately 60 units and (ii) in which Plaintiff Garcia worked, located at 340 E. 194th Street, Bronx, New York, 10458.

7.     At all relevant times herein, Defendants PASM LLC, and Jorge Doe individually and/or jointly controlled the employment of Plaintiffs and were responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiffs' employment, among other employment functions.

8.     At all times relevant herein, Plaintiffs were employed individually and/or jointly by Defendants.

9.     At all times relevant herein, Defendants each have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.     Upon information and belief, at all relevant times, Defendant PASM LLC, has had gross revenues exceeding $500,000.00.

11.     Upon information and belief, at all relevant times herein, Defendant PASM LLC has used goods and materials produced in interstate commerce and has employed individuals who handled such goods and materials.

12.     Upon information and belief, at all relevant times, Defendant PASM LLC, constituted an "enterprise" as defined in the FLSA.

13.     Upon information and belief, Defendant Jorge Doe is the owner or part owner and principal and/or manager of PASM LLC; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.     Defendant Jorge Doe is involved in the day-to-day operations of PASM LLC and plays an active role in managing the business, including managing Plaintiffs.

15.     Defendants each constituted and "employer" of each of the Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

18.     Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendant PASM LLC in the United States at any time since August 4, 2020, to the entry of judgment in this case (the "Collective Action Period"), who were employees of defendant Park Avenue South, and who were not paid at least minimum wage for all hours worked and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19.     The Collective Action Members are similarly situated to Plaintiffs in that they were employed by the defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied compensation overtime pay for hours worked beyond forty hours in a week.

20.     They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

21.     Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

22.     The exact number of such individuals is presently unknown but is known by the defendants and can be ascertained through appropriate discovery.

## FACTS

23.     Upon information and belief, at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership.

24.     Upon information and belief, at all relevant times herein, Defendants owned and/or operated 3 buildings and employed 6 or more employees.

25.     At all times relevant herein, Defendants employed Plaintiff De La Cruz as a handyman, porter, and "super", in which position Plaintiff De La Cruz performed manual work including maintenance and repairs, such as throwing out the trash, mapping the building, as well as sweeping or shoveling the snow outside the building, in Defendants' multi-story building located at 2609 Bainbridge Avenue, Bronx, New York 10458.

26.     Mr. De La Cruz has been employed in such a position by Defendants from March 20, 2017 until April 30, 2022.

27.     During his employment by Defendants, Mr. De La Cruz worked seven days per week, as follows:  Monday from 7:30 a.m. until 7 p.m.;  Tuesday and Thursday 7:30 a.m. until 5 p.m.; Wednesday and Friday 7:30 p.m. until 7:30 p.m.; and Saturday and Sunday 7 a.m. until 11 a.m.

28.     Consequently Mr. De La Cruz worked approximately 63 hours per week during his employment by Defendants.

29.     During his employment by Defendants, Mr. De La Cruz was paid approximately $250 per week by check from March 2017 until May 2019.

30.     From May 2019 until the end of his employment by Defendants. Mr. De La Cruz was paid $15 per hour for 39 hours per week, with a paystub.

31.     Mr. De La Cruz's work was performed in the normal course of Defendants' business, was integrated into the business of Defendants and did not involve executive or administrative responsibilities.

32.     At all relevant times herein, Mr. De La Cruz was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

33.     Defendants failed to pay Plaintiff De La Cruz any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

34.     Defendants' failure to pay Plaintiff De La Cruz the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

35.     Defendants failed to provide Plaintiff De La Cruz with properly compliant paystubs under the New York Labor Law.

36.     Defendants failed to provide Plaintiff De La Cruz with a wage acknowledgment notice, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

37.     At all times relevant herein, Defendants employed Plaintiff De La Cruz as a handyman, porter, and "super", in which position Plaintiff De La Cruz performed manual work including maintenance and repairs, such as throwing out the trash, mapping the building, as well as sweeping or shoveling the snow outside the building, in Defendants' multi-story building located at 340 E. 194th Street, Bronx, New York, 10458.

38.     Plaintiff Garcia has been employed in such a position by Defendants from September 2020 until January 2022.

39.     During his employment by Defendants, Plaintiff Garcia worked seven days per week, as follows:  Monday through Friday from 9 a.m. to 5 p.m., with a one-hour break from 1-2 p.m. daily; and a total of 4 hours each weekend on emergency jobs and repairs.

40.     Consequently Mr. Garcia worked approximately 39 hours per week during his employment by Defendants.

41.     During his employment by Defendants, Mr. Garcia was paid approximately $150 per week.

42.     Mr. Garcia's work was performed in the normal course of Defendants' business, was integrated into the business of Defendants and did not involve executive or administrative responsibilities.

43.     At all relevant times herein, Mr. Garcia was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

44.     Defendants failed to pay Plaintiff Garcia an hourly rate of compensation at least equivalent to the applicable prevailing statutory minimum wage in violation of the New York Labor Law, and the supporting New York State Department of Labor regulations.

45.     Defendants' failure to pay Plaintiff Garcia an hourly rate at least minimum wage was willful and lacked a good faith basis.

46.     Defendants failed to provide Plaintiff Garcia with properly compliant paystubs under the New York Labor Law.

47.     Defendants failed to provide Plaintiff Garcia with a wage acknowledgment notice, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

48.     Upon information and belief, throughout the period of Plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, the defendants have likewise employed other individuals like Mr. De La Cruz and Plaintiff Garcia(the Collective Action Members) in positions at the defendants' buildings that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

49.     Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

50.     Upon information and belief, these other individuals have worked in excess of forty hours per week, yet the defendants have likewise failed to pay them (i) overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law and/or (ii) an hourly rate at least equivalent to applicable prevailing statutory minimum wage.

51.     Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

52.     Upon information and belief, while the defendants employed Plaintiffs and the Collective Action members, and throughout all relevant time periods, the defendants

failed to maintain accurate and sufficient time records or provide accurate records to employees.

53.     Upon information and belief, while the defendants employed Plaintiffs and the Collective Action members, and throughout all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I: Fair Labor Standards Act - Overtime

54.     Plaintiff De La Cruz, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55.     At all relevant times, Defendants employed Plaintiff De La Cruz and each of the Collective Action Members within the meaning of the FLSA.

56.     Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

57.     Because of Defendants' willful failure to compensate Plaintiff Garcia at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

58.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

59.     Due to Defendants' FLSA violations, Plaintiff De La Cruz is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount

as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action.

## COUNT II: New York Labor Law - Overtime

60.     Plaintiff De La Cruz, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61.     At all relevant times, Plaintiff De La Cruz was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62.     Defendants willfully violated Plaintiff De La Cruz's rights by failing to pay him overtime compensation at rates at least one-and-one-half times his regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

63.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

64.     Due to Defendants' New York Labor Law violations, Plaintiff De La Cruz is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III: New York Labor Law – Minimum Wage

65.    Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

66.    At all relevant times, Plaintiff Garcia were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

67. Defendants willfully violated Plaintiff Garcia's rights by failing to pay him compensation at least equivalent to the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

68. Defendants' failure to pay compensation at least equivalent to the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

69. Due to the defendants' New York Labor Law violations, Plaintiff Garcia is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV: New York Labor Law – Wage Theft Prevention Act**

70. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

71. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

73. Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

74. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are each entitled to recover from Defendants statutory damages of $250 per day of their employment, up to the maximum statutory damages.

75. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are each entitled to recover from Defendants statutory damages of $50 per day of their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

    d. A compensatory award of unpaid compensation, at the statutory minimum wage rate, due under the FLSA and the New York Labor Law;

    e. An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

    f. Liquidated damages for Defendants' New York Labor Law violations;

g.  Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

h.  Back pay;

i.  Punitive damages;

j.  An award of prejudgment and post judgment interest;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.  Such other, further, and different relief as this Court deems just and proper.


Dated:  August 4, 2023

*/s/ Michael Samuel*
Michael Samuel, Esq. (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway – Suite 6085
New York, NY 10018
(212) 563-9884

*Attorneys for Plaintiffs*