UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAMON DE LA CRUZ, et al.,

                     Plaintiffs,

            -against-

PARK AVENUE SOUTH MANAGEMENT
LLC, et al.,

                   Defendants.
-------------------------------------------------------------X

23 Civ. 6894 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, the Order dated August 8, 2023, required the parties to file a proposed case management plan and joint letter by September 20, 2023, and scheduled an initial pretrial conference for September 27, 2023.

    WHEREAS, the parties did not timely file a proposed case management plan or joint letter.

    WHEREAS, an Order dated September 25, 2023, directed Plaintiffs to file a status letter regarding their efforts to serve Defendants by September 27, 2023, and adjourned the initial pretrial conference to October 4, 2023.

    WHEREAS, Plaintiffs filed a letter dated September 28, 2023, regarding their efforts to serve Defendants and requesting further adjournment of the initial pretrial conference.

    WHEREAS, an Order dated September 29, 2023, adjourned the initial pretrial conference to November 1, 2023, and directed the parties to file their materials by October 25, 2023.

    WHEREAS, the parties did not timely file their materials.

    WHEREAS, an Order dated October 27, 2023, adjourned the November 1, 2023, initial pretrial conference to November 8, 2023, and directed the parties to file their materials or Plaintiffs to file a status letter by November 1, 2023.

WHEREAS, the parties did not timely file their materials, nor did Plaintiffs timely file a status letter.

WHEREAS, an Order dated November 3, 2023, adjourned the November 8, 2023, pretrial conference to November 15, 2023, and directed Plaintiffs to file a status letter regarding their efforts to serve Defendants or proof of service on the docket by November 8, 2023.  The November 3, 2023, Order stated that if Plaintiffs failed to comply, the case will be dismissed for failure to prosecute.

WHEREAS, Plaintiffs did not timely file a status letter or proof of service on the docket.  It is hereby

**ORDERED** that this action is dismissed without prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014);[1] *accord Lopez v. 3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

The first factor, the duration of Plaintiffs' failure to comply with court orders, is neutral.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

"There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019). While the period of non-compliance is shorter than in most cases that are dismissed for failure to prosecute, Plaintiffs have failed to comply with the Court's repeated orders to file a simple status letter, ignoring three orders in a row, spanning more than six weeks. Due to Plaintiffs' repeated failure to comply with the Court's orders, the case is effectively dormant and cannot proceed without Plaintiffs' participation.

The second factor, whether Plaintiffs were on notice that failure to comply would result in dismissal, weighs in favor of dismissal. On November 3, 2023, Plaintiffs again were directed to file a status letter or proof of service by November 8, 2023. This order advised Plaintiffs that failure to comply with the order would result in dismissal of the case without prejudice for failure to prosecute. The Court's order "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *Baptiste*, 768 F.3d at 218.

The third factor, whether Defendants are likely to be prejudiced by further delay in the proceedings, weighs against dismissal. As stated previously, the delay is not as lengthy as in other cases dismissed for failure to prosecute.

The fourth factor, a balancing of the Court's interest in managing its docket with Plaintiffs' interest in receiving a fair chance to be heard, is neutral. "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Sanchez v. Cnty. of Dutchess*, No. 21 Civ. 2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order). "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all

3

litigants in an expeditious manner." *Toro v. Merdel Game Mfg. Co.*, No. 22 Civ. 8505, 2023 WL 2368986, at *2 (S.D.N.Y. Mar. 6, 2023). Plaintiffs' conduct has required the Court to issue additional orders and adjust its conference calendar repeatedly. However, because the burden is not "extreme," *Sanchez*, 2023 WL 3047971, at *2, this factor is neutral.

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal. "A lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed that his failure to participate may lead to the dismissal of his action, but he has not responded." *Abarca*, 2019 WL 13221420, at *2.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: November 13, 2023
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4